Electronically Filed
Intermediate Court of Appeals
30236
05-MAY-2011
08:24 AM

NO. 30236

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MELVIN WRIGHT, JR., Defendant-Appellant, and
DENISE M. WRIGHT, Defendant-Cross-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-0032)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Melvin Wright, Jr. (Melvin) and Defendant-Cross-Appellant Denise M. Wright (Denise) appeal from his/her respective Judgment of Conviction and Sentence filed on December 3, 2009 in the Circuit Court of the First Circuit (circuit court).[1] On September 22, 2009, a jury found Melvin and Denise guilty of Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 705-500(2) (1993), 707-701.5 (1993), 706-656 (1993 & Supp. 2010), and 702-203(2) (1993).

On appeal:

(1) Melvin contends the circuit court abused its discretion when it denied his motion for a change of venue

---

[1] The Honorable Rhonda A. Nishimura presided.

because the Deputy Prosecuting Attorney (Prosecutor) and media services generated highly inflammatory, prejudicial and emotional pre-trial publicity.

(2) Denise contends the circuit court erred when it (a) failed to instruct the jury that it could not disregard the court's qualification of Sheila Wendler, M.D. (Dr. Wendler) as an expert by considering either Dr. Wendler's foreign medical training or the number of years she had practiced in the United States, (b) failed to question the jurors to determine whether they had considered information Denise claims was prejudicial, and (c) denied Denise's Motion for New Trial on the same grounds.

Melvin and Denise ask this court to vacate the circuit court's judgments and grant each of them a new trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Melvin and Denise's points of error as follows:

(1) The circuit court did not abuse its discretion when it denied Melvin's motion for a change of venue because the substantially factual and neutral pretrial publicity, which predominantly occurred long before jury selection, did not result in a presumption of juror prejudice or prevent the court from empaneling an impartial jury through its use of extensive voir dire. State v. Pauline, 100 Hawai'i 356, 365-69, 60 P.3d 306. 315-19 (2002).

(2)(a) The circuit court did not err when it denied Denise's motion for further jury instructions. Denise argues that jury Communication No. 1 evidences at least one juror's intent to disregard the circuit court's qualification of Dr. Wendler as an expert in forensic psychiatry. "When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient,

erroneous, inconsistent, or misleading." State v. Gonsalves, 108 Hawai'i 289, 292, 119 P.3d 597, 600 (2005) (quoting State v. Arceo, 84 Hawai'i 1, 11, 928 P.2d 843, 853 (1996)).

Jury Communication No. 1 was a question of credibility, which asked: "How many years of work experience as a forensic psychiatrist does Dr. Wendler have (defense) in the US[?] Please do not include educational experience, or fellowship training[.]" Dr. Wendler's testimony in the circuit court did not specify how much work experience she had in the United States excluding educational experience or fellowship training. However, Dr. Choy, the State of Hawai'i's expert witness, testified that he had been practicing clinical psychology for 32 years and had been the director of the Kapiolani Child Protection Center at Kapiolani Medical Center for the last 20 to 25 years.

The circuit court qualified Dr. Wendler as an expert witness, instructed the jury with regard to expert witness testimony, and further instructed the jury in response to jury Communication No. 1 that "[y]ou have received all the evidence for your consideration, and you are to rely upon your collective memory." Therefore, the circuit court did not err in denying Denise's motion for further jury instructions because (1) the "jurors [were] presumed to follow the court's instructions" regarding Dr. Wendler's testimony, State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001), and (2) the circuit court's answer to Communication No. 1 was not "prejudicially insufficient, erroneous, inconsistent, or misleading." Gonsalves, 108 Hawai'i at 292, 119 P.3d at 600.

(2)(b) The circuit court did not err when it denied Denise's motion to individually voir dire the jurors to ascertain whether they considered Dr. Wendler's foreign medical training or the number of years she had practiced in the United States. Jury Communication No. 1 was a question regarding Dr. Wendler's credibility that did not evidence juror bias regarding Dr. Wendler's foreign medical training or the number of years she

had practiced in the United States. There is no evidence that the jury disregarded the circuit court's qualification of Dr. Wendler as an expert witness. Therefore, it was not error for the circuit court to deny Denise's motion for individual juror voir dire.

(2)(c) The circuit court did not abuse its discretion when it denied Denise's Motion for New Trial. Denise contends the circuit court erred when it denied her motion because the court (i) failed to instruct the jury that it could not disregard the court's qualification of Dr. Wendler as an expert by considering either her foreign medical training or the number of years she had practiced in the United States and (ii) failed to question the jury to determine whether they considered information Denise claims was prejudicial. Issues (i) and (ii) have been disposed of above; therefore, we address only the issue of whether the circuit court abused its discretion when it denied Denise's Motion for New Trial.

> As a general matter, the granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. The same principle is applied in the context of a motion for new trial premised on juror misconduct. The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Yamada, 108 Hawai'i 474, 478, 122 P.3d 254, 258 (2005) (quoting State v. Kim, 103 Hawai'i 285, 290, 81 P.3d 1200, 1205 (2003)).

Discussing juror misconduct, this court has stated:

> A motion for a new trial based on juror misconduct can be based upon (1) failure of one or more jurors to respond truthfully to questions posed during voir dire, or (2) misconduct by one or more jurors during the course of the trial. In either event, the ultimate inquiry is whether the misconduct deprived the defendant of the fundamental right to a trial by twelve impartial jurors. If any member or members of the jury was shown not to be impartial, the trial court's failure to grant a new trial is an abuse of discretion.

> When the basis for the motion is juror misconduct during jury deliberations, the first responsibility of the

> trial court is to determine whether the misconduct is of a nature which could substantially prejudice the defendant's right to a fair trial. Whether it does rise to that level is ordinarily left to the discretion of the trial court. Where the trial court determines that the juror misconduct could substantially prejudice the defendant's right to a fair and impartial jury, a rebuttable presumption of prejudice is raised and the court must investigate the totality of circumstances to determine if the misconduct impacted the jury's impartiality.

State v. Adams, 10 Haw. App. 593, 599-600, 880 P.2d 226, 231-32 (1994) (citations omitted).

The circuit court did not abuse its discretion when it denied Denise's Motion for New Trial because Denise did not show in the circuit court or on appeal that any member or members of the jury were not impartial or participated in juror misconduct. As discussed above, Communication No. 1 was a question concerning expert witness credibility, not evidence of juror misconduct, bias, or prejudice.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence as to Defendant-Appellant Melvin Wright, Jr., and the Judgment of Conviction and Sentence as to Defendant-Cross-Appellant Denise M. Wright, both filed on December 3, 2009 in the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, May 5, 2011.

On the briefs:

Lane Y. Takahashi
for Defendant-Appellant
Melvin Wright, Jr.

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Cross-
Appellant Denise M. Wright.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge